**Joseph William McKNIGHT, Appellant,**

v.

**Madeline Peers McKNIGHT, Respondent.**

**No. WD 32736.**

Missouri Court of Appeals,
Western District.

Aug. 24, 1982.

William E. Shull, Kearney, for appellant.

Ralph E. Pratt, Independence, for respondent.

Before KENNEDY, P. J., and WASSERSTROM and MANFORD, JJ.

MANFORD, Judge.

This appeal is taken from a decree of dissolution. The judgment is affirmed.

Appellant's sole point challenges the trial court's award of periodic maintenance and alleges there was no evidentiary basis for the granting of same as required by § 452.-335 RSMo 1978.

The record reveals the parties were married March 18, 1953, in Bessbrook Armagh, Ireland. Two children were born of the marriage and at the time of these proceed-

ings, one child was emancipated by marriage. The remaining child was 15 years of age and resided with respondent. There is no dispute the marriage was irretrievably broken. The record reveals marital misconduct by appellant.

The only squabble on this appeal is the monthly award of $450.00 periodic maintenance in respondent's favor. It is appellant's contention the trial court erred because the evidence reveals respondent was possessed of adequate property to sufficiently support herself.

■ Review of this matter is pursuant to the rule in *Murphy v. Carron,* 536 S.W.2d 30 (Mo.banc 1976). Neither party requested findings of fact or conclusions of law and neither was entered by the court. Absent such request and entry, all findings of fact are presumed found in accord with the judgment and the judgment is to be upheld under any reasonable theory presented and supported by the evidence. *In Re Marriage of Brewer,* 592 S.W.2d 529 (Mo.App.1979); *Brunswick Corp. Mercury Marine Division v. Hering,* 619 S.W.2d 950 (Mo.App.1981).

The record further reveals appellant was earning $29,000.00 annually with a take home pay of $740.00 every two weeks. Respondent had sporadic employment over a five year period during the marriage. Her testimony was that she left her various jobs due to a kidney infection (she has only one kidney), high blood pressure, varicose veins and thyroid problems. She further testified that the minor daughter needed greater supervision at home. Respondent has the equivalent of a high school education. She continues to need medical treatment and medication. Respondent's living costs per month were $1555.50, plus $337.50 for the minor daughter.

■ The question of maintenance is within the sound discretion of the trial court and review on appeal is only for determination of an abuse of that discretion. *Naeger v. Naeger,* 542 S.W.2d 344 (Mo.App. 1976).

■ The evidence supports a finding that respondent lacked the ability to support herself through appropriate employment. The marriage was of a 28 year duration. The evidence revealed respondent was working at the time of trial with an approximate $445.00 per month income. The decree awarded respondent the marital residence valued at $40,000.00, on which there existed an $11,159.01 lien, household furnishings valued at $2,000.00 and a bank account with $40.00 on deposit. She was ordered to pay marital indebtedness in the sum of $970.33.

In his statement as to marital property, appellant had budgeted $433.00 per month as maintenance for respondent plus $40.00 per month for the minor daughter. The evidence revealed that respondent expended $336.50 per month on behalf of the minor daughter. Appellant's take home pay equalled $1,480.00 per month.

Section § 452.335 authorizes a maintenance award by the trial court if (1) the party seeking maintenance lacks sufficient property, inclusive of marital property apportioned to provide for reasonable needs and (2) is unable through appropriate employment to support oneself.

It cannot be said that upon this record there was no evidence to support the trial court's judgment, nor that the judgment was against the weight of the evidence. The judgment did not erroneously declare or apply the law. *Murphy v. Carron.*

The judgment is affirmed.