**In re ESTATE OF Gladys PIPER, Deceased.**

**Clara KAUFFMAN, Claimant-Respondent,**

v.

**John COBLE, Jr., et al., Defendants-Appellants.**

**No. 13439.**

Missouri Court of Appeals, Southern District, Division One.

Sept. 10, 1984.

John M. Belisle, J.D. Baker, Belisle & Baker, Osceola, for claimant-respondent.

Morran D. Harris, Osceola, for defendants-appellants.

GREENE, Judge.

Gladys Piper, the widow of Andy Piper, died intestate in St. Clair County, Missouri, on November 15, 1982. Her heirs, consisting of nieces and nephews, all lived out of state. At the request of a majority of the heirs, Morran D. Harris, a local attorney, was appointed administrator of the estate of Gladys.

Personal property consisting of household goods, two old automobiles, farm machinery and "miscellaneous," a total appraised value of $5,150, was inventoried in the estate. "Miscellaneous" did not include jewelry or cash. At the time of her death, Gladys Piper owned two diamond rings, known as the "Andy Piper" rings and $206.57 in cash. The rings and cash were in Gladys' purse when she died. Gladys' niece, Wanda Brown who lived in Reno, Nevada, took possession of the rings and the cash after the funeral, allegedly to preserve those items for the estate.

Clara E. Kauffman, a friend of Gladys Piper, filed a claim against the estate in the sum of $4,800, contending that from October of 1974 until the date of death of Gladys, Clara took Gladys to the doctor, beauty shop and grocery store, wrote her checks to pay her bills and assisted her in the care of her home by reason of the promise of Gladys to pay Clara in cash or diamond rings at her death "all to reasonable value of $50 per month for eight years." The claim was heard by the trial court, after which the claim was denied for the reason that the services performed by Clara for Gladys were done as a volunteer. No appeal was taken from the denial of the claim.

Clara Kauffman then filed a petition for delivery of personal property. Named defendants were the administrator of the estate as well as the nieces and nephews, including Wanda Brown, of Gladys Piper. The petition, authorized by § 473.240, RSMo 1978, as amended, alleged that the "Andy Piper" rings, of the appraised value of $2,500, were in the possession of Wanda Brown, having never been surrendered to the estate's administrator, and that the rings were the property of Clara, "having been a consummated gift long prior to the death of Gladys Piper." Clara requested an order from the trial court directing Wanda Brown to deliver the rings to Clara and, if Wanda did not comply, that Clara have judgment "against the defendants in the sum of $2,500."

In his answer, the administrator requested the court to determine the rights of the estate and the parties to the property in question. In her answer, Wanda Brown admitted possession of the rings and cash, and that her custody of them had been necessary to preserve the assets until an administrator was appointed. Her answer included "[f]or Estate inventory purposes," an appraisal of the rings by one Dan H. Maxey of Reno, Nevada, which showed their wholesale value as $875.

After hearing evidence, the trial court entered judgment directing Wanda Brown to deliver the rings and the cash to the administrator of the estate. The judgment further found that the value of the rings was $2,500, that they were the property of

Clara Kauffman, and that Clara was entitled to possession of them. The judgment concluded by saying that if the rings were not delivered to Clara that she was entitled to a judgment of $2,500 against the estate. All defendants appealed from the judgment.

We first observe that there is no evidence in this case that gives Wanda Brown the legal right to retain in her possession the "Andy Piper" rings, or the $206.57 cash which were in Gladys Piper's purse when she died. Those items should have been delivered to the administrator as soon as the estate was opened so that they could be inventoried and preserved as assets of the estate. We find no quarrel with those portions of the judgment ordering Wanda Brown to turn the rings and cash over to the administrator.

We direct our attention to that portion of the judgment declaring that the rings were the property of Clara Kauffman. Clara's petition claimed the rings belonged to her by reason of "a consummated gift long prior to the death of Gladys Piper." The only evidence on the gift issue came from two witnesses. James Naylor, who had known Gladys for over 20 years, testified that when he saw Gladys "[b]etween the time of her last admission to the hospital and the date of her death," Gladys told him, after Naylor had complimented her on her rings, that "these are Clara's, but I am wearing them until I am finished with them, or until I am dead or whatever she may have said," and "[b]ut she made the comment that these are Clara's but I am going to wear them until I am done with them." Beverly Marcus testified that Gladys told her "when she was through with those rings, they were to be Clara's."

There was no evidence of any actual delivery to Clara, at any time, of the rings. A person claiming an inter vivos gift of personal property has the burden of proving it by clear and convincing evidence. *In re Estate of Wintermann*, 492 S.W.2d 763, 767 (Mo.1973). The essentials of such a gift are 1) a present intention to make a gift on the part of the donor, 2) a delivery of the property by donor to donee, and 3) an acceptance by donee, whose ownership takes effect immediately and absolutely. *Wantuck v. United Savings and Loan Association*, 461 S.W.2d 692, 694 (Mo. banc 1971).

While no particular form is necessary to effect a delivery, and while the delivery may be actual, constructive, or symbolical, there must be some evidence to support a delivery theory. What we have here, at best, through the testimony of James Naylor and Beverly Marcus, was an intention on the part of Gladys, at some future time, to make a gift of the rings to Clara. Such an intention, no matter how clearly expressed, which has not been carried into effect, confers no ownership rights in the property in the intended donee. *Smith v. Smith*, 313 S.W.2d 753, 756 (Mo.App.1958). Language written or spoken, expressing an intention to give, does not constitute a gift, unless the intention is executed by a complete and unconditional delivery of the subject matter, or delivery of a proper written instrument evidencing the gift. *Ridenour v. Duncan*, 246 S.W.2d 765, 769 (Mo.1952). There is no evidence in this case to prove delivery, and, for such reason, the trial court's judgment is erroneous.

The judgment of the trial court is reversed, and the cause is remanded to the trial court with directions to enter a new judgment consistent with this opinion.

TITUS, P.J., and FLANIGAN, J., concur.