384

STATE of Missouri, Respondent,

v.

Fred WINSTON, Appellant.

No. 48583.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 5, 1985.

### ORDER

———— M., Petitioner-Appellant,

v.

———— M., Respondent-Respondent.

No. 13730.

Missouri Court of Appeals,
Southern District,
Division Two.

March 26, 1985.

The parties married in August, 1970. They separated and the wife filed for a dissolution in September, 1983.

Both parents were employed. Neither would be available for full time personal care for the children. Each had made adequate provision for the care of the children while at work. Each could provide the children with the basic necessities of food, clothing and shelter. There was evidence that both participated in activities with the children. There was evidence the father could provide for the physical and emotional needs of the children and was willing and eager to do so. The wife admitted the husband was a good father to the children.

■ The wife in part relies on the daughters' expressed preference for living with her. However, the children did not clearly express a strong preference to be with either parent. While the wishes of the children is a factor to be considered by the court, it is but one factor. It is not conclusive, but is to be weighed with all other relevant factors. *Kanady v. Kanady*, 527 S.W.2d 704 (Mo.App.1975).

There was evidence that the wife conducted an extra-marital affair with a person she dated before her marriage. She admitted that she was sexually involved with him at periods during her marriage, including the time of separation. This was a contributing factor in the breakup of the marriage.

Another episode was developed by the testimony of the wife. In approximately 1977 an unknown man reached wife by dialing a wrong number. The stranger continued to call wife. During the conversations, wife would pretend that she was having sex with the man and they would try to sexually arouse each other over the phone. Such conversations were numerous. The phone calls stopped after the stranger came to wife's house and exposed himself to wife. After this incident, wife sought counseling at Ozark Mental Health Center.

Another item of evidence was that the maternal grandmother, at whose home wife

Douglas K. Crandall, Crandall, Crawford & Crandall, Carthage, for petitioner-appellant.

Charles Buchanan, Joplin, for respondent-respondent.

MAUS, Judge.

This is an appeal from a judgment in a marriage dissolution action. The husband was granted custody of two daughters, aged ten and six. The wife appeals.

The wife's first point is that the court abused its discretion by using the custody award to punish her for marital misconduct and in failing to give adequate consideration to the children's wishes and the interrelationship and environment in which the children would reside. A brief summary of facts will suffice for consideration of this point.

and the children were living, had admitted to having an affair with a family friend, although the affair was now terminated.

▮ The mother relies on the fact that none of these activities took place in the presence or with the knowledge of the children. A good environment and a stable home is generally considered as the most important single consideration in custody cases. *In re Marriage of P.I.M.*, 665 S.W.2d 670 (Mo.App.1984). Adverse consideration of past or present inappropriate activities of a parent is not limited to conduct that has in fact detrimentally affected the children. *Ryan v. Ryan*, 652 S.W.2d 313 (Mo.App.1983). There must be considered what conduct a parent may inspire by example, or what conduct of a child a parent may foster by condonation. Past and present activities may be a reliable guide to the priorities of a parent. See generally, *R. v. R.*, 685 S.W.2d 598 (Mo. App.1985).

Husband and wife attempted a reconciliation, but it only lasted a few days. Upon separation, the mother expressed a desire to be free to come and go as she pleased.

▮ The trial court has the superior ability to see and judge the demeanor of the witnesses. The standard of review in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976) is applicable to determinations of custody. *B._____ v. L._____*, 558 S.W.2d 738 (Mo.App.1977). There is no basis for thinking the trial court did not weigh all relevant factors. *Kanady v. Kanady*, supra. Although the trial judge did not make specific findings of fact on the issue of custody, the evidence on that issue must be considered most favorably to the result reached. *McKnight v. McKnight*, 638 S.W.2d 789 (Mo.App.1982). There was evidence to establish a basis for the award of custody. That award is affirmed in accordance with *Murphy v. Carron*, supra.

▮ The wife's second and last point on appeal is that the court erred in awarding husband attorney's fees for this appeal. The relevant statute, § 452.355, RSMo 1978, states that after considering all rele-

vant factors, including the financial resources of both parties, the court may award reasonable fees. "Only when the trial court is shown to have abused the broad discretion with which it is vested in this regard should its award (or orders) be overturned." *Kieffer v. Kieffer*, 590 S.W.2d 915, 919 (Mo. banc 1979). When considering the financial resources of both parties, the court looks not only at the income of the respective parties, but also the expenses incurred by each of them. There was substantial evidence that husband's expenses exceeded his income and that wife's expenses were less than her income. The award of attorney's fees was not an abuse of discretion and is affirmed.

HOGAN, P.J., PREWITT, C.J., and CROW, J., concur.