**In re the MARRIAGE OF Lorie Ann SOUTER, Petitioner-Respondent,**

**and**

**Steven Robert Souter, Respondent-Appellant.**

**No. 13985.**

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 14, 1985.

No appearance for petitioner-respondent.

John S. Pratt, Pratt & Fossard, Springfield, for respondent-appellant.

GREENE, Judge.

Steven Robert Souter appeals that portion of a dissolution decree that awarded his wife, Lorie Ann Souter, $7,000 maintenance in gross, and $750 attorney fees.

Steven contends that the court abused its discretion in making such awards by not considering all the statutory factors which are a prerequisite to such awards, and that such awards are against the weight of the evidence.

Our review is limited to a determination of whether the trial court's decree is supported by substantial evidence, is not against the weight of the evidence, and is not based on any erroneous declaration or application of law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

There was substantial evidence before the trial court to show that Steven is a

self-employed truck driver whose gross income for 1983 was $102,412, and whose projected gross income for 1984 was $144,-000. He had $33,000 of spendable income in 1983. While he contends that his monthly expenses exceed his monthly income by $39.56 a month, his expense figures include depreciation deductions on his 1982 Peterbilt truck, a 1981 Chevrolet pickup truck, and a shop building, which total deductions in 1983 amounted to $16,178, or $1,348 a month.

Lorie, who was going to business college when the couple married, assisted Steven in the trucking business, accompanying him on long hauls, and eventually serving as a relief driver. Her income was used to help defray family expenses during the marriage. At time of trial, her monthly take home earnings were $480 a month, leaving a monthly deficit of $168.

In the division of marital property, the lion's share of the marital property, including the Peterbilt truck, valued at $50,000, the pickup valued at $5,000, and a Cajun bass boat valued at $7,000 were awarded to Steven, as well as substantial debts, including loans on the three items just mentioned. Lorie's allocation of marital property consisted mainly of household furnishings, plus a Cocker Spaniel.

In addressing the maintenance issue, we note that § 452.335.1[1] provides that a court may allow maintenance only if it finds that the spouse seeking maintenance 1) lacks sufficient property, including property apportioned by the court, to provide for his reasonable needs, and 2) is unable to support himself through suitable employment, or is the custodian of children whose circumstances are such that the custodian should remain in the home to care for the children.

■ Steven contends that Lorie has sufficient property to provide for her needs, and should be denied maintenance for that reason. He bases this assertion on the fact that Lorie has the use of a 1980 Mercury automobile purchased by Steven and his father during the marriage, but title to which was transferred to Ivan Hunt, Lorie's grandfather, prior to the dissolution of marriage. He contends that the automobile should have been considered marital property by the court. No authority for this novel proposition has been cited by Steven. The trial court properly found that the automobile was not marital property since Mr. Hunt had title to it, had assumed the indebtedness on it, and had made payments on the car loan because Steven had refused to do so, and Lorie could not afford to. Absent proof of a fraudulent conveyance of the title of the Mercury automobile to Mr. Hunt, and there is no such proof in the record, the trial court had no right to consider as marital property the automobile in question. *In re Marriage of Ward*, 659 S.W.2d 605, 607 (Mo.App.1983).

Further, an examination of the record indicates that Lorie has no income-producing property, and is not obligated to consume what meager assets she has in order to eat before being entitled to maintenance. *In re Marriage of Arnold*, 632 S.W.2d 28, 29 (Mo.App.1982).

■ Steven next contends that because Lorie is currently employed and healthy she is not entitled to maintenance. That is not the test. Her income is not sufficient to meet her modest living expenses which, when coupled with the fact that she has no income producing assets, entitled her to maintenance.

■ As to the amount of maintenance awarded, it was Steven's burden on appeal to show that the award was so excessive as to constitute an abuse of trial court discretion. *Bull v. Bull*, 634 S.W.2d 228, 229 (Mo.App.1982). He has not done so, as the evidence before the trial court entitled it to find that Steven could meet his needs, pay his bills, and pay Lorie $150 a month maintenance.

As to Steven's contention that Lorie was more able to pay her attorney fees than Steven, here again, such awards, like main-

1. Unless otherwise indicated, all references to statutes are to RSMo 1978, V.A.M.S.

tenance, are discretionary with the trial court, and absent an abuse of that discretion will be affirmed on appeal. Steven had the burden of showing such an abuse, which must be so flagrant as to "shock the sense of justice." *Potter v. Desloge,* 658 S.W.2d 83, 85 (Mo.App.1983). No such showing appears here.

 Steven, at time of trial, had monthly net take home earnings of $10,762.07 a month while Lorie had $480.24. Lorie has no significant assets, while Steven does. We find no abuse of discretion in the award of attorney fees.

Judgment affirmed.

TITUS, P.J., and FLANIGAN, J., concur.