**June L. KESSLER, Respondent,**

v.

**Robert M. KESSLER, Appellant.**

**No. 50597.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 4, 1986.

Timothy H. Battern, St. Louis, for appellant.

Gerald J. Harvath, Pacific, for respondent.

SNYDER, Chief Judge.

Husband appeals from the decree dissolving his thirty-three year marriage to wife. He challenges the award of maintenance to wife and the division of marital property. The judgment of the trial court is modified and, as modified, affirmed.

The standard of review of this appeal is set forth in the often-quoted case of *Murphy v. Carron*, 536 S.W.2d 30, 32 [1–3] (Mo. banc 1976). The judgment must be affirmed unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Id.* at 32.

Neither party requested findings of fact or conclusions of law and none were entered by the court. When the court does not provide specific findings on fact issues or conclusions of law, all findings of fact are presumed determined in accordance with the result reached by the trial court. Rule 73.01; *Mastin v. Mastin,* 709 S.W.2d 545, 548 (Mo.App.1986). The judgment of the trial court is to be upheld under any reasonable theory presented and supported by the evidence. *McKnight v. McKnight,* 638 S.W.2d 789, 790 (Mo.App.1982).

Husband's point relied on which challenges the division of the marital property is summarily denied. The trial court in a dissolution action is not required to make an equal division of the marital property, only an equitable one. *Golleher v. Golleher,* 697 S.W.2d 547, 551 (Mo.App. 1985). No error of law appears and an extended discussion of this issue would have no precedential value. Rule 84.16(b).

Husband's other points relied on challenge the propriety of the maintenance award. He claims the trial court erred because it ordered maintenance exceeding wife's demonstrated need, exceeding the amount wife requested, and exceeding its authority to award.

Wife's earnings as a restaurant cashier were approximately $110.00 net weekly, or about $476.00 per month. Her gross annual income has never exceeded $6,000.00 in her eight years on the job and her earnings for the year prior to the trial amounted to a little over $4,000.00.

Husband is employed as a photographic maintenance manager where he earns a monthly net income of $1540.00. He also receives a military pension of $697.00 net per month, making husband's total monthly net income $2,237.00. In 1984 his salary was $45,400.00 gross with an expected annual increase of between 6 and 10%.

Wife asked for monthly maintenance payments of $500.00. She also requested ½ of his military pension, the two amounts totalling $848.00. She testified that she would be able to take care of herself if she received those two items in addition to her earnings. The trial court awarded her $550.00 maintenance and ⅓ of husband's military pension, totalling $782.00 monthly.

Husband argues wife offered no evidence of her need for maintenance. He emphasizes an attachment to wife's interrogatory answers where she listed monthly

expenses of only $465.00. Husband contends the $550.00 monthly maintenance was erroneously awarded because it exceeded wife's list of expenditures and exceeded the amount that wife had actually requested by $50.00.

■ The question of maintenance is within the sound discretion of the court and review on appeal is to determine only whether that discretion is abused. *McKnight*, 638 S.W.2d at 790 [2]. On appeal it is the burden of the party challenging the maintenance award to show that the award was so excessive that it constituted an abuse of the trial court's discretion. *In re Marriage of Souter*, 700 S.W.2d 545, 547 [3] (Mo.App.1985). Husband has not met that burden.

■ Husband ignores that wife's statement was filed while wife was living with her sister during the parties' separation and that the statement reflects no allocation for: mortgage payment; utility payments for gas, water, telephone, sewer, or electricity; car insurance, life insurance; health, medical hospitalization, accident or disability insurance; home owners' insurance; medical or dental expenses; clothing budget; or recreational expenses.

Husband also overlooks the award of the parties' marital residence in Pacific, Missouri, to wife, subject to her making the monthly mortgage payments. The trial court reasonably augmented the maintenance award wife requested so that she would have sufficient funds to meet the monthly mortgage payments and related expenses.

Although husband correctly notes that the award of his military pension is a division of marital property and not maintenance under *Starrett v. Starrett*, 703 S.W.2d 544, 547 (Mo.App.1985), the trial court may have ordered a larger maintenance award than wife requested because wife received only a ⅓ interest in the marital property of husband's military pension instead of her requested ½ interest. Two further considerations supporting the trial court's maintenance award are the non-income producing nature of the marital property awarded wife, *accord Mastin*, 709 S.W.2d at 548 [3], and the disparity in the parties' incomes.

Husband further remonstrates that wife's need is self-imposed because she refuses to commute from her home in Pacific to St. Louis. He theorizes that her secretarial training enables her to derive greater income if she would accept office employment rather than her position as a cashier at a restaurant. Nothing in the record suggests the availability of such a position. Husband's conjecture that wife could find more lucrative employment elsewhere if she so desired is purely speculative and unsupported by the record.

■ In his reply brief, husband requests for the first time that this court modify the dissolution decree to reflect that husband's obligation to pay wife maintenance terminates upon her death, but he cites no error on the part of the trial court in failing to include the requested provision in the decree. Common fairness precludes this court from considering issues raised for the first time in a reply brief to which no response is authorized. *Moran v. North County Neurosurgery, Inc.*, 714 S.W.2d 231 (Mo.App.E.D.1986).

■ Husband levels a final attack on the maintenance award which provided that it be retroactive for an eight month period from October 1984 to June 1985, the date of the dissolution hearing. Husband challenges the trial court's authority to award retroactive maintenance.

Husband is correct as wife's counsel conceded in oral argument. Section 452.335 RSMo.1978 which authorizes maintenance awards speaks only prospectively. *C.M.D. v. J.R.D.*, 710 S.W.2d 474, 478, 479 [11, 12] (Mo.App.1986). The decree is modified to exclude the award of retroactive maintenance by deletion of the phrase "retroactive to October 1984".

The judgment is modified and, as modified, affirmed.

CRANDALL and PUDLOWSKI, JJ., concur.