Sally Ann HARRY, Appellant,

v.

Jerry David HARRY, Respondent.

No. 52022.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 23, 1988.

Marsha Brady, Hillsboro, for appellant.

Michael J. McAvoy, Fenton, for respondent.

GARY M. GAERTNER, Presiding Judge.

Sally Ann Harry (hereinafter referred to as Wife) appeals the decree of dissolution entered by Judge Timothy J. Patterson in the Jefferson County Circuit Court. Wife raises two points on appeal. She alleges that the trial court erred in deciding that a business and the real estate on which it is located were marital property. Wife also argues that the trial court should have provided that if she ever is required to pay on a note on which Jerry David Harry (hereinafter referred to as Husband) is primarily liable, such amount should be deemed a setoff against the judgment in Husband's favor as to the distribution of marital property. Finding Wife's contentions to be without merit, we affirm.

The evidence reveals that the parties were married on April 27, 1963, and that three children were born of the marriage.

Wife petitioned for a dissolution of the marriage on July 22, 1985, and the action was tried on June 27, 1986. In the trial court's decree of dissolution, it decided that the following were marital property: the parties' house, the business and real estate known as Sally's Place, and the parties' interest in real estate in the Missouri Ozarks. The trial court determined that this property had a value of $154,000.00. The trial court awarded Wife all of the marital property, and ordered her to pay Husband one-half of the equity which had accrued in the property. The sum of $39,-150.00 represents one-half of the accrued equity. The trial court also distributed the marital debts. It ordered Wife to pay four promissory notes totalling $74,700.00 and to hold Husband harmless on these notes; the trial court decreed that Husband pay a promissory note totalling $26,250.00 and hold Wife harmless on the note. The trial court further provided that Husband pay $335.00 per month for child support.

In her first point, Wife contends that the business and real estate known as Sally's Place are not marital property and that the trial court should have awarded them to her as separate property. At the outset, we observe that a divorce decree must be affirmed if it is supported by substantial evidence, is not against the weight of the evidence and neither erroneously declares nor applies the law. *Bull v. Bull*, 634 S.W.2d 228, 229 (Mo.App., E.D.1982). The trial court possesses broad discretion in identifying marital property. *Cartwright v. Cartwright*, 707 S.W.2d 469, 471 (Mo.App., E.D.1986). Section 452.330.2 (1986) defines marital property in the context of the disposition of property in a dissolution proceeding. Subsection 452.-330.2(4) provides that marital property includes all property acquired by either spouse subsequent to the marriage unless the "[p]roperty [was] excluded by valid agreement of the parties...." RSMo § 452.330.2(4) (1986).[1] All property which is acquired by either spouse subsequent to

---

[1]. Section 452.330.2 enumerates five ways in which property is excluded from the marital property designation, of which § 452.330.2(4) is one method. Section 452.330.2(4) is the only basis for exclusion which is applicable to the present case.

the marriage and prior to the decree of dissolution is presumed to be marital property regardless of how title is held. *Cartwright*, 707 S.W.2d at 471. The party who claims that such property is in fact separate property has the burden to rebut this presumption by clear and convincing evidence. *Id.; Boyce v. Boyce*, 694 S.W.2d 288, 291 (Mo.App., W.D.1985). Wife attempts to overcome this presumption by arguing that Sally's Place was excluded by an agreement between the parties.

Sally's Place is a restaurant and bar located on real estate adjoining Husband and Wife's house. It was acquired in the name of Sally Ann Harry individually subsequent to the parties' marriage and prior to the dissolution decree. Both Husband and Wife testified at the dissolution trial that title was taken by Wife individually so as to shield the property from creditors. The record before us is unclear whether the parties believed that they were protecting the property from creditors to whom Husband was individually liable or from creditors to whom Husband and Wife were jointly liable. Husband was involved both in negotiating the acquisition of Sally's Place and in the day-to-day running of the establishment. From the foregoing, this court can find no clear and convincing evidence of an agreement between the parties providing that Sally's Place would be Wife's separate property. We thus hold that the trial court did not abuse its discretion in declaring Sally's Place marital property. This point is denied.

In Wife's second point, she argues that in the event Husband defaults on the $26,000.00 note on which he is primarily liable, and she becomes obligated on the note, any amounts she pays should be deemed a setoff against Husband's portion of the equity in the marital property. Initially, this court notes that the trial court has the authority to distribute debts in the sense that one party may be assigned the primary duty to pay off the debt and to hold the other party harmless on the debt. *Alvino v. Alvino*, 659 S.W.2d 266, 272 (Mo. App., E.D.1983). However, the trial court is under no duty to distribute the marital debts. *Golleher v. Golleher*, 697 S.W.2d 547, 549 (Mo.App., E.D.1985). Wife asks this court to speculate on a hypothetical situation, that turn of events being Husband's default on the note and the holding of Wife liable thereon. We, however, have no obligation to render an advisory opinion based on a hypothetical situation. *Williams v. Williams*, 349 S.W.2d 422, 423 (Mo.App., E.D.1961); *Warren v. Warren*, 601 S.W.2d 683, 687 (Mo.App., W.D.1980). *See also Butler v. Butler*, 698 S.W.2d 545, 549 (Mo.App., E.D.1985) (A court has no general equitable power to require a husband in a dissolution proceeding to post a bond to guarantee his payment of future maintenance and child support.) This point is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.