**Tonia Elaine HAHN, n/k/a Tonia Elaine Eshelman, Petitioner–Appellant,**

v.

**Dennis Wayne HAHN, Respondent–Respondent.**

**No. 55837.**

Missouri Court of Appeals, Eastern District, Division Two.

Feb. 13, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 14, 1990.

Stanley David Schnaare, Anderson, Hammon, Dieffenbach & Schnaare, Hillsboro, for petitioner-appellant.

Wegman, Gasaway, Stewart, Schneider, Dickhaner, Tesreau & Sto, Dennis Tesreau, Daniel Cytron, Hillsboro, for respondent-respondent.

CRANDALL, Judge.

Wife, Tonia Elaine Hahn, n/k/a Tonia Elaine Eshelman, appeals from the judgment of the trial court which modified the original decree of dissolution of her marriage to husband, Dennis Wayne Hahn. We affirm in part and reverse and remand in part.

The marriage of the parties was dissolved on June 3, 1985. Two children were born of the marriage: a girl in May 1972 and a boy in August 1974. The original decree awarded wife primary custody of the children. Husband was ordered to pay child support of $20 per week per child, with a predetermined increase to 20 percent of husband's net income per child per week. Husband also was to pay one-half of all the medical and dental expenses not covered by health insurance as well as to provide health insurance through his employer, if it was available. In addition, husband was responsible for one-half of the children's expenses for post-secondary education. At the time of the dissolution, husband was unemployed and was living with his parents.

Husband filed a motion to modify in December 1987. Due to an alleged change in circumstances, he sought modification to reduce the child support which amounted to 40 percent of his net income, to specify which parent was responsible for providing medical insurance coverage for the children, and to clarify his financial responsibility for the children's higher education. At the time of the hearing on his motion to modify, husband was employed with a net income of approximately $1,000 per month. He was remarried and no longer living with his parents. Wife was also remarried; and her net monthly income from all sources, excluding child support which is not income, was slightly in excess of $1,700.

After a hearing on the motion to modify, the trial court found that there was a change in circumstances so substantial as to make the terms of the original decree of dissolution unreasonable. The trial court ordered wife to provide medical insurance for the children and both parents to equally divide the medical expenses not covered by health insurance. The court ordered husband to pay one-half of the expenses for the children's higher education, but limited his obligation to "no more than a maximum of one-half of the costs of the University of Missouri at Columbia." The court also eliminated the provision which required husband to pay 40 percent of his net income in child support and ordered husband to pay child support of $32.50 per week per child. Wife appeals from this modification judgment.[1]

Our review of the modification judgment is limited to a determination of whether it is supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Oldfield v. Oldfield*, 767 S.W.2d 134, 136 (Mo. App.1989). We note that neither party requested findings of fact and conclusions of law. We therefore assume that all fact issues upon which the trial court made no specific findings were resolved in accord-

---

1. Wife also appeals from the denial, after a hearing, of her contempt motion because husband was delinquent in his child support payments. On appeal, any claim of error relative to the contempt proceeding was not briefed. Pursuant to Rule 84.13(a), we dismiss wife's appeal from the judgment on the contempt motion.

ance with the result reached. *See* Rule 73.01(a)(2).

■ Wife first claims that the trial court erred in ordering her to provide medical insurance for the children. She argues that the practical result of this order was that her present spouse was compelled to carry medical insurance on the two children. Wife further contends that husband should have been designated as the proper parent to provide health insurance coverage, in accordance with Section 452.353.1, RSMo (Cum.Supp.1989).

Obviously, the trial court could not order wife's present spouse to provide medical insurance for the children; and, in fact, the court did not do so. The trial court's reference to wife's present spouse's currently covering the children under his medical insurance simply recognized an existing fact and in no way bound him to continue such medical coverage for the children.

With regard to Section 452.353.1, that statute provides in pertinent part:

Unless the obligee has comparable or better group dependent health insurance coverage available at a more reasonable cost, the court *may* order the obligor to name the minor child as a covered dependent under any health and dental insurance plan that is available to the obligor on a group basis or through an employer or union....

(emphasis added). Although this statute controls who provides medical insurance, it does not mandate that husband be responsible for such coverage. The statute merely affords the trial court the option to fashion an order appropriate to the needs of the children. In the decree in the instant action, the trial court stated that it felt it was "in the best interest of the [children] that insurance continue to be provided by the present insurance carrier so that there will be no exclusions should new insurance be acquired by [husband]." The trial court did not err in ordering wife to provide medical insurance for the children. Wife's first point is denied.

■ Wife's second point challenges the trial court's order that husband pay "a maximum of one-half of the costs of the University of Missouri at Columbia" for the children's post-secondary education.

■ As a general rule, a judgment or decree for child support must be sufficiently certain in its terms to be capable of enforcement by execution in the manner provided by law, and the decree must be in such form that the clerk may issue an execution upon which an officer is able to execute without requiring external proof and another hearing. *Newport v. Newport*, 759 S.W.2d 630, 637 (Mo.App.1988). Here, it cannot reasonably be determined from the trial court's order what "costs" husband is obligated to pay. It is plausible that the costs of higher education include tuition, books, room and board, travel, social activities, school supplies, as well as other items.

In *Echele v. Echele*, 782 S.W.2d 430, 437 (E.D.Mo.App.1989), this court proposed the following guidelines for the trial court to draft an order pertaining to expenses for post-secondary education which is more definite and enforceable:

Husband shall pay one-half of the cost each year for each child attending a post-secondary college, university, or vocational/technical school, state or private, subject to the following limitations:

1) "Cost" shall include tuition, fees, books, dormitory costs for room and board. It does not include room and board while residing with either parent.

2) The "one-half" husband is to pay shall be the actual cost to the child, i.e. if child receives a scholarship or other aid which reduces cost, the "cost" does not include the amount of such scholarship or aid. For this purpose, loans to the student shall not be considered a "scholarship or other aid."

3) The child must carry at least a minimum number of credit hours each semester which, according to the institution the child attends, constitutes a full load.

4) The maximum cost which husband shall be responsible for in any given school year will be one-half of the then cost for tuition, fees, books, and dormitory costs for room and board at the Univ-

ersity of Missouri at Columbia, regardless of what institution the child attends.

5) The husband shall not be responsible for paying for more than eight semesters at a college or university.

We find that part of the court's order relating to the expenses for higher education too vague and uncertain to be enforceable. The trial court, however, may fashion a proper order. We therefore reverse that portion of the trial court's order and remand for further proceedings consistent with this opinion.

Lastly, wife charges error in the trial court's modification of husband's child support obligation. We have reviewed wife's point on appeal and find that an extended opinion would have no precedential value. Wife's point is denied in accordance with Rule 84.16(b).

The judgment is affirmed in part and reversed and remanded in part.

PUDLOWSKI, P.J., and KAROHL, J., concur.