**Alicia H. GLASSBERG, f/k/a Alicia H. Obando, Petitioner–Respondent,**

v.

**Guillermo OBANDO, Respondent–Appellant.**

**No. 57335.**

Missouri Court of Appeals, Eastern District, Division One.

June 19, 1990.

G. Richard Fox, St. Louis, for respondent-appellant.

Richard S. Bender, Clayton, for petitioner-respondent.

REINHARD, Judge.

Husband appeals from the denial of his motion to modify a decree of dissolution. We reverse and remand.

In his brief, husband, a medical doctor practicing in radiology, explains the posture of this case as follows:

On April 29, 1974, the parties to this action were granted a decree of dissolution. As part of the decree, it was ordered that [husband] "pay the minor children's annual tuition to attend private and/or parochial school." At the time of the decree, there were four children born of the marriage ranging in age from five to eleven years, and all were enrolled in and attending a private Catholic grade school. While the children attended private or parochial grade school and high schools, [husband] paid all the tuition bills.

Eventually, the two oldest children, with [husband's] guidance and consent, attended state universities in [husband's] state of domicile (Kansas) and [husband] paid their tuition, room and board. The two youngest children were eventually sent to private colleges without the advice and consent of [husband].

When the first of the two youngest children enrolled in college, [husband] received from [wife], a copy of a bill for tuition, room and board. [Husband] refused to pay that bill and all subsequent bills.

On July 14, 1986, [husband] filed his Motion to Modify. On November 11, 1988, the parties agreed to submit the issue of financial responsibility for college expenses raised in [husband's] Motion to Modify on stipulated facts and briefs.

We note that prior to the dissolution and with the benefit of counsel the parties entered into a separation agreement which provided, inter alia: "*Education:* Husband

agrees that he will provide the children's tuition annually for them to attend private and/or parochial school." The court found that the agreement was conscionable and that its terms as to custody and support of the children were in their best interests. It ordered the parties to perform the terms of the separation agreement and specifically incorporated the provision relating to payment for education.

After husband filed his motion to modify, the parties agreed to submit only the "issue of responsibility for college expenses raised in [said motion]." The question of father's ability to pay the expenses was not submitted. The court denied husband's motion.

■ Our review is under *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We must affirm the trial court's judgment unless it is unsupported by substantial evidence, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.* Because of the manner in which the issue was presented below, we are confronted solely with questions of law.

■ Husband raises two points on appeal. In one point, he contends that the phrase "private and/or parochial school," as used in the separation agreement and decree, "limits his responsibility for tuition to elementary and secondary education." We find this argument untenable for two reasons. First, husband, without objection, has already paid the college tuition for two of his children. Thus it appears to us that husband has waived any argument that the language from the agreement and decree frees him from the obligation to pay the college tuition for his two remaining children. *See Shapiro v. Shapiro*, 701 S.W.2d 205 (Mo.App.1985) and *Swihart v. Missouri Farmers Mutual Tornado, Cyclone and Windstorm Insurance Co.*, 234 Mo.App. 998, 138 S.W.2d 9 (1940) for discussions of the concept of implied waiver.

■ Second, it appears that the phrase "private and/or parochial" is used to modify (i.e. to distinguish from those institutions which are "public") the term

"school." Webster's Third New International Dictionary defines a school as:

> 1(a)(1): an organized body of scholars and teachers associated for the pursuit and dissemination of knowledge (as in a particular advanced field) and constituting a college esp. of a medieval university ... 2(a)(2): an institution for specialized higher education usually within a university (3) COLLEGE, UNIVERSITY....

Thus we conclude the language in question is broad enough to encompass postsecondary education.

In his other point, husband contends:

> The trial court erred in denying [husband's] motion to modify for the reason that the decretal order pertaining to payment of private and/or parochial school tuition is so vague as to be unenforceable and therefore void.

■ Generally, a decree or judgment, to be enforceable, must be definite and certain. *See Taylor v. Taylor*, 367 S.W.2d 58 (Mo.App.1963). However, with the enactment of the Dissolution of Marriage Act, the requirement of definiteness and certainty for maintenance and support orders has been relaxed. In *Bryson v. Bryson*, 624 S.W.2d 92 (Mo.App.1981), the parties' separation agreement provided that wife would receive maintenance in an amount up to 33% of husband's wages. The husband argued that the decree incorporating the agreement was void for lack of certainty. Judge Snyder, in a landmark opinion, stated:

> The Dissolution of Marriage Act changed the law. Now the maintenance provisions are set forth in the decree even though uncertain in amount. § 452.325.4(1). If the maintenance provisions are a part of the decree they are enforceable "by all remedies available for the enforcement of a judgment." § 452.325.5 Therefore, a trial court should be able to ascertain by motion, and testimony if necessary, the amount of maintenance due under the terms of the separation agreement which has been incorporated into the decree.
>
> ....

The terms of a separation agreement incorporated in a decree are enforceable as a judgment. This court goes a step further ... and holds the maintenance provision of the decree to be a valid and enforceable judgment even though facially uncertain in amount. The trial court may upon motion determine the exact amount due in accordance with the agreement of the parties, and then, upon proper application proceed to enforce the judgment.

There has been a void in the law in this respect since the adoption of the Dissolution of Marriage Act which has confused members of the bar and made for uncertainty in the law, to the detriment of litigants who enter into separation agreements in good faith, expecting their plain terms to be enforceable whether incorporated into a decree or not, and to the detriment of prompt and fair resolution of domestic relations litigation. It would be anomalous to require incorporation of a maintenance provision of a separation agreement into a decree when to do so would make it void by reason of indefiniteness.

. . . .

Maintenance decrees or judgments are sui generis. Unlike most other money judgments, payments of periodic maintenance often extend over long periods of time. Maintenance decrees are modifiable on motion in a proper case. Similarly, a party should be able to ascertain by motion the exact amount due on a maintenance decree in a proper case, when the statute requires the terms of a separation agreement to be included in the decree as a judgment, and when otherwise the judgment would be void and the beneficiary of the maintenance payments without a remedy.

*Bryson,* 624 S.W.2d at 97–98.

Shortly after our decision in *Bryson,* a unanimous Supreme Court ratified the principles announced therein: "The opinion in Bryson is well reasoned and sound. It should be read by those concerned with dissolution-of-marriage cases involving maintenance and support agreements and awards. Any attempt to summarize the rationale here would not do justice to the opinion." *Payne v. Payne,* 635 S.W.2d 18, 22 (Mo. banc 1982).

*Bryson* was applied in a child support setting in *Toomey v. Toomey,* 636 S.W.2d 313 (Mo. banc 1982). There, the husband was ordered to pay "for each child all private school or college tuition and housing costs, said sum to total no less than $665 per month; ...." Our Supreme Court initially observed that cases such as *Taylor, supra* are of questionable authority after *Bryson.* The court also noted that "[a]lthough *Bryson* involved a maintenance rather than a child support award, the philosophy of the court in finding a method to enforce a decree is applicable." *Toomey,* 636 S.W.2d at 316. Thus the court found the provision to be valid and enforceable through either an action on the judgment for $665 per month or through a motion to modify in the event that the expenses exceeded $665. *Id.*

In two recent cases we have been confronted with decrees using language somewhat similar to that which confronts us here. In *Echele v. Echele,* 782 S.W.2d 430 (Mo.App.1989), the trial court upon motion to modify entered an order requiring husband to pay one-half the cost of

vocational/technical school or one-half the cost of post-secondary education at a state supported college or university with respect to each of the parties' minor children. Said cost shall include the cost of tuition, books, and room and board.

The order continued:

In the event either or both parties' minor children choose to attend a private college or university, then [husband] shall be responsible for one-third the cost of tuition, books and dormitory fees (room and board) of said college or university. [Husband's] payments ... shall be made ... to the school, college or university where the child or children are attending....

In determining the enforceability of the foregoing language, we summarized the development of the law since *Bryson* as follows:

As we perceive it, the present state of the law ... is that (1) if a dissolution or modification decree is uncertain or indefinite in the sense that it lacks pristine specificity and (a) a settlement agreement is incorporated in the decree which can make the decree certain by motion and hearing to determine the exact amount due, ... the decree, upon being reduced to certainty, is sufficiently certain and definite so as to be enforceable. *Id certum est quod certum reddi potest*—that is certain which can be reduced to certainty. However, if the decree is so amorphous, indefinite, vague and uncertain that it requires a subsequent hearing to determine its meaning and which involves discretion, the decree is void and unenforceable.

*Id.* at 436.

Because the trial court's order in *Echele*, as distinguished from those in *Bryson*, *Payne* and *Toomey*, failed to "set forth any limiting criteria as to costs at a specific vocational, technical school or state or private college or university," and because no single, ministerial computation would have made the decree certain, we held that the order was legally indefinite. *Echele*, 782 S.W.2d at 437. However we remanded the case to the trial court so that a proper order could be fashioned. *Id.*

Most recently, in *Hahn v. Hahn*, 785 S.W.2d 756 (Mo.App.1990), the trial court ordered husband to pay postsecondary educational costs in an amount not to exceed "a maximum of one-half of the costs of the University of Missouri at Columbia." Because of the multiple expenses which could be included in the term "costs," we held that the order was legally indefinite. *Hahn*, at 758–59. Again, however, we remanded to the trial court for entry of a proper order.

Here, unlike in *Echele* and *Hahn*, the parties entered into a separation agreement. Although the language from that agreement (and from the decree which incorporates it) is more restrictive than that in *Echele* and *Hahn*, it still fails to set forth any specific and certain criteria to determine the precise amount of husband's obligation. Thus, we must conclude the language is too vague to be enforced.

■ A proper order may, however, be drafted. When the parties entered into their separation agreement, they contemplated private education for their children. Obviously they foresaw husband's ability to pay for such an education. The spirit of *Bryson* and its progeny is that a mechanism should be available to enforce the parties' original intention as manifested in their agreement.

We conclude that the parties' intention as specified in their agreement should not be ignored, and should be considered by the trial court in an action to modify. To ignore such expressions would stifle spouses' attempts to resolve at the time of dissolution contingencies which can only occur in the future and would not be in accord with the innovative expressions in *Bryson* and *Payne*. When children are young it is almost impossible to fashion an agreement suited precisely to their future circumstances. *Toomey* recognized that a motion to modify is one safeguard for unforeseen circumstances. Here husband asked for a modification striking the language pertaining to responsibility for educational expenses. The court properly refused to strike the clause, but should have fashioned a decree which is sufficiently certain on its face or which is capable of being reduced to a certainty. On remand, the parties may amend their pleadings and, if necessary, adduce evidence.

Judgment reversed and remanded.

CRANDALL, P.J., and CRIST, J., concur.