Diane E. LaFEVERS,
Movant–Appellant,

v.

Richard B. LaFEVERS,
Respondent–Respondent.

No. 17049.

Missouri Court of Appeals,
Southern District,
Division Two.

June 12, 1991.

Steven Privette, Willow Springs, for movant-appellant.

Janelle Calvert House, Gainesville, for respondent-respondent.

SHRUM, Judge.

Mother appeals after the trial court refused to find Father in contempt for failure to pay college expenses of one of the parties' children. We affirm.

Mother and Father were divorced in May 1984. The dissolution decree states: "[Father] is further ordered to pay all three (3) children's ... college expenses...." The parties' separation agreement, which was incorporated by reference into the trial court judgment is similarly terse: "Husband to ... be responsible for ... college expenses of all 3 sons...."

A dispute arose over Father's performance of his obligation to pay college expenses of one of the children. In November 1989, Mother filed her motion for contempt in which she alleged Father had "refused to pay the college tuition and expenses of Martin R. LaFevers for school years 1988–89 and 1989–90, said expenses at present being in excess of $4,000."

The parties subsequently stipulated that the contempt proceeding would concern college expenses for the fall 1989 semester only. Following a hearing and submission of trial briefs by the parties, the court denied the motion for contempt, having concluded the provision in the dissolution order concerning Father's obligation to pay college expenses was "so vague as to be unenforceable and ... void." Because the provision was void, the court stated, "it cannot stand as a basis for contempt...."

Mother presents two points on appeal. We take her first point to be a challenge to the trial court's conclusion that the college expenses provision of the dissolution decree is too vague to be enforced. Pointing to testimony at the contempt hearing that, during the fall 1989 semester, Father paid certain of Martin's expenses and an amount equal to one semester's tuition at Southwest Missouri State University[1], Mother asserts "there was no dispute between the parties as to the nature of [Father's] obligation, only the amount." We disagree.

There are numerous Missouri appellate court opinions in which the courts refused to enforce, for reasons of vagueness, educational expenses provisions whose specificity equals or surpasses that of the one now under consideration. *See, e.g., Newport v. Newport,* 759 S.W.2d 630, 637 (Mo. App.1988); *Echele v. Echele,* 782 S.W.2d

---

1. There was testimony from Father and Martin that Father sent Martin money for rent, utilities, food, and other expenses and $455 for textbooks. In addition, Father sent Martin $698, an amount equal to one semester's tuition at SMSU. During the fall 1989 semester, Martin attended a private school, Drury College, where one semester's tuition was $3,295.

430, 436 (Mo.App.1989); *Hahn v. Hahn,* 785 S.W.2d 756, 758–59 (Mo.App.1990); *Glassberg v. Obando,* 791 S.W.2d 486, 487, 490 (Mo.App.1990). The testimony at the contempt hearing serves only to underscore our conclusion that, as a matter of law, the college expenses order of the dissolution decree is too vague to be enforced.

In point two, Mother contends "the parties' separation agreement provides the basis for a proper order to be fashioned by the trial court which would have been the proper remedy if the court found the order unenforceable as written." On this issue, Mother argues, the case before us is "identical" to *Glassberg,* 791 S.W.2d 486. We note certain similarities to *Glassberg.* The provision under consideration is too vague to be enforced, as was its counterpart order in *Glassberg.* The educational expenses provisions in both settlement agreements likewise are too vague to be enforced. *Glassberg,* however, was an appeal of a denial of a motion to modify the decree of dissolution. 791 S.W.2d at 487. The court of appeals remanded to the trial court to draft a "proper order."

In contrast to *Glassberg,* the case before us is an appeal from a ruling on a motion for contempt. Because the portion of the dissolution decree under consideration is unenforceable as written, "there remains no basis upon which to rest a judgment for remedial relief for the violation of the order or decree and the proceeding for civil contempt is abated." *Republic Eng'g and Mfg. Co. v. Moskovitz,* 393 S.W.2d 78, 81 (Mo.App.1965). Mother sought no relief other than contempt, and the primary focus of the hearing and trial briefs was Father's alleged contempt and the enforceability of the college expenses provision. Neither party sought to redraft the provision under consideration. Thus we decline to exercise our discretion to remand this cause. *See Executive Jet Mgmnt. & Pilot Serv., Inc.*

*v. Scott,* 629 S.W.2d 598, 613 (Mo.App. 1981).

Judgment affirmed.

FLANIGAN, C.J., and PARRISH, P.J., concur.