Mary Jo GABLE, Appellant,

v.

Richard D. GABLE, Respondent.

No. WD 43921.

Missouri Court of Appeals,
Western District.

Sept. 24, 1991.

David E. Elliott, Lee's Summit, for appellant.

Robert K. Waldo, Lee's Summit, for respondent.

Before FENNER, P.J., and TURNAGE and ULRICH, JJ.

ULRICH, Judge.

Mary Jo Gable appeals from the judgment of the trial court that modified the court's March 31, 1975, original decree of dissolution, and the court's modifying order signed June 2, 1987. The judgment appealed from requires Richard D. Gable to pay an additional $200 per month child support for son James Bryan Gable, denies Mary Jo Gable an award for attorney fees, and nullifies that portion of the June 2, 1987, modifying order requiring Mr. Gable to pay one-half of the Gables' son's college expenses. The judgment is reversed, and the case is remanded with directions.

Mary Jo Gable raises several points on appeal. Ms. Gable contends that (1) the trial court erred by finding unenforceable and void that portion of the June 2, 1987, modifying order that the parties would "equally divide the cost of college education of James Bryan Gable"; (2) by paying the amount demanded by Ms. Gable when the August 1, 1988, motion was filed, Mr. Gable waived any claim that the June 2, 1987, modification order did not include

certain expenses in the "cost" of son Bryan's college education; (3) the trial court erred by failing to correctly apply Rule 88.01 and § 452.340.1, RSMo Supp. 1990, and to modify Mr. Gable's child support payments as required by Rule 88.01 and Civil Procedure Form No. 14; (4) the circuit court abused its discretion in compelling Mr. Gable to pay $200 per month additional child support for his son effective September 15, 1990, instead of August 1, 1988, the date Ms. Gable's motion to modify was filed; and (5) the court abused its discretion by failing to award her attorney's fees.[1]

The marriage between Mary Jo Gable and Richard D. Gable was terminated by decree on March 31, 1975. Ms. Gable was awarded custody of the two minor children, James Bryan Gable, born June 16, 1969, and Amanda Mae Gable, born July 17, 1972. Mr. Gable was ordered to pay child support in the amount of $225 per month, per child, for a total of $450 per month.

On June 2, 1987, the decree of March 31, 1975, was modified in the Circuit Court of Jackson County. Mr. Gable was ordered to pay child support in the total sum of $565 per month for the support of both children. Additionally, the court's order of June 2, 1987, required that the parties "equally divide the cost of a college education of James Bryan Gable after deducting any scholarships obtained."

Controversy between the parties occurred over the meaning of that portion of the court's June 2, 1987, order requiring that the parties equally divide the cost of James Bryan Gable's college education. Ms. Gable filed a motion in two counts on August 1, 1988. She sought to modify the order of June 2, 1987, by increasing the child support award, effective August 1, 1988, the date the motion was filed. Ms. Gable also sought the court's declaratory judgment as to the meaning of that portion of the June 2, 1987, order requiring that the college education expense of James Bryan Gable be divided equally between the parties, and she sought a judgment specifying the exact amount owed for "college expenses," plus interest, owed to date.

Ms. Gable contends as point (1) that the circuit court erred by finding unenforceable and void that portion of the June 2, 1987, modifying order requiring the parties to "equally divide the cost of college education of James Bryan Gable." The circuit court determined that the June 2, 1987, order is vague, uncertain, and, therefore, void.

Judge Simeone, in the case of *Echele v. Echele*, 782 S.W.2d 430, 433–37 (Mo.App. 1990), analyzed numerous Missouri cases which considered the specificity required in orders compelling support payments for college expenses by a former spouse and parent. *Echele* considered whether a father could be compelled to pay one-half the cost of a "vocational/technical school or one-half the cost of post-secondary education at a state supported college or university with respect to each of the parties' minor children." *Echele*, 782 S.W.2d at 436. The Eastern District concluded that:

(1) if a dissolution or modification decree is uncertain or indefinite in the sense that it lacks pristine specificity and (a) a settlement agreement is incorporated in the decree which can make the decree certain by motion and hearing to determine the exact amounts due, or (2) the decree itself can be made certain by a motion and hearing to determine the exact amounts due by ministerial computation or evidence, the decree, upon being reduced to certainty, is sufficiently certain and definite so as to be enforceable. ... However, if the decree is so amorphous, indefinite, vague and uncertain that it requires a subsequent hearing to determine its meaning and which involves discretion, the decree is void and unenforceable.

*Id.*

In the similar case of *Glassberg v. Obando*, 791 S.W.2d 486, 487 (Mo.App.1990), the Eastern District considered whether that portion of the dissolution decree dissolving the marriage of the parties which required the husband to "pay the minor children's

---

1. The points raised by Ms. Gable are addressed in a different order than appears in her brief.

annual tuition to attend private and/or parochial school" was enforceable. In *Glassberg*, the parties had entered into a separation agreement. *Id.* at 490. The court, applying the principle expressed in *Echele*, specified that the terms of a separation agreement incorporated into a decree are enforceable as a part of the judgment. *Id.* See also *Bryson v. Bryson*, 624 S.W.2d 92 (Mo.App.1981). However, the *Glassberg* court concluded that even with the benefit of a separation agreement between the parties, the language in issue was too indefinite and uncertain to be enforceable. *Id.*

In the present appeal, the language used in the June 2, 1987, modifying order, which required the parties to "equally divide the cost of college education of James Bryan Gable," is vague, uncertain and indefinite. No agreement between the parties clarifying the meaning of the language in issue was made a part of the court's June 2, 1987, modification order. Furthermore, a hearing, using ministerial computation and evidence, could not make the modification order certain and definite, thereby clarifying the exact amount owed by Mr. Gable to Ms. Gable. *See Echele*, 782 S.W.2d at 436. Applying the standard in *Echele* to this case, the order is so amorphous, indefinite, vague and uncertain that, to clarify and understand the order's language, the trial court would need to have a hearing and would also be required to utilize its discretion in determining the order's meaning. *Id.* Thus, the provision in the June 2, 1987, modification order lacks specificity, is ambiguous and unclear, and cannot be enforced. *Id.* See also *Glassberg*, 791 S.W.2d at 489–90; *Bryson v. Bryson*, 624 S.W.2d 92 (Mo.App.1981). Therefore, the circuit court's judgment rendering void and unenforceable that portion of the June 2, 1987, order requiring the parties to "equally divide the cost of college education of James Bryan Gable" does not erroneously declare or misapply the law, is not against the weight of the evidence, and is supported by substantial evidence in the record. *See Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Echele v. Echele*, 782 S.W.2d at 436.

Although that portion of the June 2, 1987, modification order which attempts to make provision for payment of Bryan's college expenses is unenforceable, it is not a nullity. The circuit court's judgment describing as "void" the portion of the June 2, 1987, order in issue does not preclude correction of the order. Use of the word "void" to describe judgments is sometimes "casual" and not calculated. *Hopkins v. Hopkins*, 800 S.W.2d 88, 90 (Mo.App.1990). The circuit court intended to make provision for payment by the parties of expenses incurred by Bryan's attendance at college. The vague provision in the June 2, 1987, order which attempts to provide for payment of Bryan's college expenses is sufficient basis for a new order correcting the deficiency of the original. Precedent provides for remanding for correction to trial courts vague orders that attempt to require payments by parties for educational expenses and child support. *See e.g., Glassberg*, 791 S.W.2d at 490; *Hahn v. Hahn*, 785 S.W.2d 756 (Mo.App.1990); *Echele*, 782 S.W.2d at 437. This case will be remanded with directions consistent with this opinion to facilitate correction of the June 2, 1987, order.

Ms. Gable contends, as point (2), that Mr. Gable waived any contention that the portion of the June 2, 1987, modification order, which provided that the parties would divide Bryan's college education expenses, was ambiguous. Soon after Ms. Gable's motion to modify was filed on August 1, 1988, Mr. Gable sent to Ms. Gable's attorney a check in the sum of $1,920.37, the amount Ms. Gable claimed Mr. Gable owed as his share of Bryan's college expenses to date. This payment, claims Ms. Gable, constitutes the implied waiver.

Ms. Gable cites *Glassberg*, 791 S.W.2d at 486, as support for her premise that by paying the $1,920.37 demanded, Mr. Gable waived any argument he might have that the June 2, 1987, modification order requiring the parties to divide the cost of son Bryan's educational expenses was ambiguous and unenforceable. In *Glassberg*, the former husband contended that the phrase "private and/or parochial school," as used

in the separation agreement between the parties, limited his responsibility for paying tuition to elementary and secondary school for his four children. *Glassberg v. Obando*, 791 S.W.2d at 488. However, Mr. Glassberg had paid the college tuition for two of his four children before he raised the issue by motion to modify the decree of dissolution. *Id.* The Eastern District concluded that Mr. Glassberg waived any argument that the language of the dissolution agreement and decree did not compel his paying college tuition for his two remaining children. *Id.*

Ms. Gable's reliance on *Glassberg* is misplaced. Unlike Mr. Glassberg, Mr. Gable has consistently expressed a willingness to pay a certain part of his son Bryan's college expenses. The conflict between Mr. Gable and Ms. Gable is over what the June 2, 1987, modification order included as the "cost" of Bryan's college education. Mr. Gable claims that the modification order does not include a redundancy for living expenses already included by child support payments, as well as miscellaneous expenses, such as parking tickets. Mr. Gable's payment of $1,920.37 may have waived any disputed claim of the amount he owed before the August 1, 1988, motion was filed, but the payment did not waive any claim he had that the June 2, 1987, modification order was ambiguous, unclear and, therefore, unenforceable. The test for determining whether a waiver has occurred is difficult to prove. "Waiver is the intentional relinquishment of a known right and if implied from conduct, the conduct must clearly and unequivocally show a purpose to relinquish the right." *Shapiro v. Shapiro*, 701 S.W.2d 205, 206 (Mo.App.1985). The record is void of any evidence that Mr. Gable intentionally relinquished his right to challenge the validity of the June 2, 1987, modification order. Additionally, there is no evidence that his conduct "clearly and unequivocally" waived this right. *Id.* Ms. Gable has not proved, as the trial court found, that a waiver had occurred. Point (2) is denied.

■ Ms. Gable claims as point (3) that the circuit court erred by failing to modify the child support award to equal the amount required by Rule 88.01, and calculated by Civil Procedure Form No. 14, because the court failed to expressly find that such an award was unjust and inappropriate after considering all relevant factors. Rule 88.01 implements the principles of substantive law for the adjudication of child support awards. *See* §§ 452.340 and 452.370, RSMo Supp.1990. Section 452.370 governs child support awards in modification proceedings. Both §§ 452.340 and 452.370 require that child support awards be in conformity with guidelines established by supreme court Rule 88.01 for the computation of child support amounts. *See* § 452.340.7, .8; § 452.370.2.

Section 452.370 governs modification of the June 2, 1987, modifying order pertaining to child support. Changed circumstances, so substantial and continuing as to make an existing support decree unreasonable, compels modification of the child support award to be "determined in conformity with criteria set forth in supreme court rule 88.01." § 452.370.2. As discussed previously, the circuit court correctly found that the provision in its June 2, 1987, order, which required the parties to divide and pay the college expenses of James Bryan Gable, was ambiguous, unenforceable and void. The circuit court also found that of the total $565 per month child support being paid by Mr. Gable, he was paying $287.50 per month for Bryan. Proof of the college attendance by James Bryan Gable, who was not yet 22 years of age, and the absence of valid legal provisions for Bryan's support and college expenses, established a changed circumstance so substantial and continuing as to make unreasonable the $287.50 per month child support payment for Bryan required by the order of June 2, 1987. Thus, Ms. Gable, having proved the existing June 2, 1987, child support award to be unreasonable, is entitled to a new award of child support calculated according to the criteria of Rule 88.01 and Form No. 14, unless the trial court determines by all relevant factors that the amount calculated is unjust or inappropriate. *Campbell v. Campbell*, 811 S.W.2d 504 (Mo.App.1991). An adjudica-

tion of an amount of child support other than the amount calculated under Rule 88.01 is ineffective without "a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate." That proviso is mandatory. *Id.*

In this case, Ms. Gable established that the amount of child support required of Mr. Gable by the circuit court's June 2, 1987, order in the sum of $565 per month, had become unreasonable. The trial court did not order Mr. Gable to pay an amount for child support for Bryan equal to the amount calculated pursuant to Civil Procedure Form No. 14. Neither did the trial court make a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate. Rule 88.01(e). Therefore, Ms. Gable's point (3) is sustained. The case will be remanded with directions to properly address the issue considered in point (3).

Ms. Gable's point (4) claims that the circuit court abused its discretion by not making August 1, 1988, the effective date for compelling Mr. Gable to pay $200 per month additional child support for son Bryan, rather than September 15, 1990. Although this court does not rule on this point, discussion of the point may provide assistance to the parties and the circuit court when considering the effective date for commencing payment of specific college expenses and, if appropriate, child support.

■ Determination of the effective date of an order on a motion at any time after the date of filing rests within the discretion of the trial court. *In re Marriage of D.M.S.*, 648 S.W.2d 609, 614 (Mo. App.1983). Absent a clear abuse of discretion, appellate courts will not disturb the exercise of the trial court's discretion. *Id.* However, the record in this case provides no basis for the circuit court's decision to require payment of the $200 sum as additional child support payment on September 15, 1990, instead of August 1, 1988, the date the motion to modify was filed. Although Mr. Gable paid Ms. Gable $1,920.37

soon after the August 1, 1988, motion to modify was filed, that sum represented the amount claimed by Ms. Gable for Bryan's educational expenses to the date of the filing. Bryan was attending college when the motion was filed and was expected to graduate in the spring of 1991. The effective date of the increased child support payments, September 15, 1990, omitted increased child support payments for college expenses from August 1, 1988, through September 15, 1990. The record lacks evidence to support the court's decision to effectively deny additional support from August 1, 1988, through September 15, 1990, during which Bryan attended college. The father's duty to support his son while attending college August 1, 1988, until September 15, 1990, equalled his obligation post-September 15, 1990, until graduation or Bryan's twenty-second birthday anniversary, whichever occurs first. *See* § 452.-340.5, RSMo Supp.1989.

■ As point (5), Ms. Gable claims the circuit court abused its discretion by denying her an award for attorney's fees. Trial courts are granted wide discretion in determining who should pay attorney fees in cases involving modification of dissolution decrees. *Echele v. Echele*, 782 S.W.2d at 440–41. To require one party to pay the other's attorneys' fees requires a showing of unusual circumstances justifying deviation from the normal rule that each party bears his own litigation costs. *Id.* at 441. On remand, the circuit court shall again decide, after considering the whole record, whether, within its discretion, attorney fees should be awarded.

The judgment is reversed, and the case is remanded to the trial court. The trial court is to modify that portion of the June 2, 1987, modification order by more specifically stating the amounts to be paid by the parties for Bryan's college expenses. Further, the trial court is to either enter an award for the child support of James Bryan Gable as required by Rule 88.01, using calculations made pursuant to Civil Procedure Form No. 14, or enter a finding that the amount calculated under the guidelines of Civil Procedure Form No. 14

is unjust or inappropriate, based on the relevant factors, including the amounts to be paid for college expenses, and is then to enter an award, if any, for the support of James Bryan Gable as is appropriate under the circumstances. The effective date that additional support for James Bryan Gable shall have commenced and any award of attorney fees to Ms. Gable are within the discretion of the trial court after considering the record as a whole. If needed, the trial court will conduct further proceedings to determine the relevant factors.

All concur.