**In re the MARRIAGE OF HATCH.**

**Ronald Earl HATCH, Petitioner–Appellant,**

v.

**Dana HOOTEN (formerly Hatch), Respondent–Respondent.**

No. 18035.

Missouri Court of Appeals,
Southern District,
Division One.

April 13, 1993.

---

Jay R. Yorke, Dexter, for petitioner-appellant.

Andrew C. Bullard, Bullard & Bullard, Kennett, for respondent-respondent.

SHRUM, Judge.

This is a dispute over the obligation of Ronald Earl Hatch (Father) to pay college expenses and medical expenses for his children. Dana Hooten (Mother) tried to collect such expenses from Father by having a garnishment issued in aid of an execution on a child support order. Father moved to quash the garnishment or, in the alternative, that the rightful sum owed by him be determined. Following an evidentiary hearing, the trial court found that the "college expense" language in the decree was vague and unenforceable. It sustained the motion to quash the garnishment. Nevertheless, the trial court found that "based on evidence presented ... a determination" could be made of the amount "owed by [Father] to [Mother] for college expenses, medical expenses and unpaid child support." Judgment was entered for the mother and against the father for $12,-890.06, an amount comprised of $11,381.58 for college related expenses, $516.88 for medical expenses, and $991.60 for unpaid child support. Father appeals from that judgment.

We reverse and remand as to that part of the judgment that determines and awards college and medical expenses. We affirm the remainder of the judgment.

## FACTS

On December 9, 1987, the marriage of this couple was dissolved. A subsequent motion to modify filed by Mother was settled. Based on the settlement, the trial

court on July 31, 1989, entered an order modifying their divorce decree. In pertinent part that order reads:

> [I]t is ORDERED ... that [Mother] is granted the care and custody of the two (2) minor children ...; that [Father] pay to [Mother] ... $200.00 per month per child as child support ...; that [Father] shall pay tuition, room, board, books and incidental expenses for the minor children in the event that they should desire to attend college ...; that [Father] shall maintain medical insurance on said minor children and ... pay all medical expenses not covered by the insurance.

In 1991 Mother caused an execution and garnishment to be issued on the modified decree. She claimed that Father was delinquent on all support obligations, i.e., periodic support, medical expenses, and college expenses.

Father filed a pleading entitled "Motion to Quash" wherein he alleged that the amount in the garnishment was incorrect. He asked that the court quash the garnishment "or in the alternative that the rightful sum owed by [Father] to [Mother] be determined."

During a hearing on the "Motion to Quash," Mother offered evidence of sums spent by her for their daughter's college expenses and for both children's uninsured medical expenses. She also offered evidence of Father's delinquency on the periodic support. The trial court then entered an order that included the following:

> 8. Missouri case law has evolved since the filing of the modified decree of dissolution. The modified decree in this case provided for the Petitioner to pay "tuition, room, board, books and incidental expenses for the minor children in the event that they should desire to attend college". While this language was apparently adequate for many years, the appellate courts of this state have decreed that such language is so vague as to render any subsequent judgment based solely on that language unenforceable. Based on Missouri case law the language in the modified decree renders that portion of the modified decree vague and [un]enforceable if acting alone, but that based on evidence presented to the Court a determination can be made of actual amounts owed;
>
> 9. that evidence was presented to this Court detailing the amount owed by Petitioner to Respondent for college expenses, medical expenses and unpaid child support.
>
> **THEREFORE, IT IS ORDERED ...** that Motion to Quash garnishment is sustained as to the garnishment issued June 6, 1991; that as of January 16, 1992 Petitioner owed to the Respondent the sum of $991.60 for unpaid child support, $516.88 for unreimbursed medical expenses and $11,381.58 for college related expenses, or a total of $12,890.06; that Respondent is granted a judgment [in] her favor and against Petitioner in the amount of $12,890.06....

The father appeals from the foregoing judgment.

## MOTION TO DISMISS APPEAL

By a separate motion to dismiss this appeal, Mother contends that Father is not an aggrieved party according to § 512.020, RSMo 1986, and therefore is not entitled to appeal. Her claim in this regard has two prongs: (A) that Father is estopped from appealing or has waived his right to appeal because he consented to the entry of the modified dissolution decree, and (B) that Father asked for a determination of what he owed as an alternative request in his motion, and he cannot therefore be aggrieved when the trial court granted the relief he sought.[1]

---

1. Alternative to her non-aggrieved party claim, Mother alleged in her motion to dismiss—although she did not pursue the argument in her brief—that Father failed to preserve any claim of error because his post-judgment motions to amend or for a new trial were overbroad and fatally defective in not stating particular facts or actions taken by the trial court which constituted error. That argument is at once answered and rejected by Rule 73.01(b). In a court tried case a motion for new trial or to amend judgment is not necessary "to preserve any matter for appellate review," Rule 73.01(b); if such motions are filed the fact that they may be

Because the right to appeal is purely statutory, *Haarmann v. Davis*, 620 S.W.2d 39, 40[1] (Mo.App.1981), we start with § 512.020, RSMo 1986. With exceptions not applicable here, it provides that " '[a]ny party to a suit aggrieved by any judgment of any trial court in any civil cause' " may appeal " 'from any final judgment in the case or from any special order after final judgment....' " *Helton Construction v. High Point Shopping Center*, 838 S.W.2d 87, 90 (Mo.App.1992).

■ Section 512.020 notwithstanding, in prong "A" of her motion Mother argues for dismissal relying on *State ex rel. Fletcher v. New Amsterdam Cas. Co.*, 430 S.W.2d 642 (Mo.App.1968). *Fletcher* states the general rule that an order entered pursuant to an agreement of the parties is not appealable because it is not a judicial determination of rights, but a recital of an agreement. 430 S.W.2d at 645[7]. A party to such an agreement is estopped or waives its right to appeal when a judgment, order or decree was entered at its request. *Id.* Pointing to the fact that the underlying decree by which Father was ordered to pay college expenses and uninsured medical expenses was entered "by agreement of the parties," Mother argues that Father, by filing his Motion to Quash and subsequent appeal, is attempting to attack a two-year-old final judgment which he consented to. We disagree; Mother's argument misconceives the judgment from which Father appeals.

As stated, among the orders made appealable is "any special order after final judgment in the cause." § 512.020. The noun phrase "any special order after final judgment in the cause" refers to " 'the orders in special proceedings attacking or aiding the enforcement of the judgment after it has become final in the action in which it was rendered.' " *Helton Construction*, 838 S.W.2d at 91 (quoting *Wehrs v. Sullivan*, 187 S.W. 825, 826–27[2] (Mo.

1916)). *See also City of Caruthersville v. Cantrell*, 241 S.W.2d 790, 791[2] (Mo.App. 1951).

Examples of "any special order after final judgment" include an order refusing a request pursuant to Rule 74.11(a) for satisfaction of a judgment, *Helton Construction*, 838 S.W.2d at 92 (where the claim was that the appeal was from a consent order rather than a separate order); an order overruling a motion to quash an execution, *Gale v. Michie*, 47 Mo. 326, 327 (1871); *Anderson v. Anderson*, 404 S.W.2d 206, 207[1] (Mo.App.1966), and *Carrow v. Carrow*, 294 S.W.2d 595, 597[2] (Mo.App. 1956); a final judgment entered in a garnishment action, *Household Finance Corp. v. Seigel–Robert Plating Co.*, 483 S.W.2d 415, 417[5] (Mo.App.1972);[2] and an order ruling a post-judgment motion to retax costs. *State v. Cave*, 359 Mo. 72, 220 S.W.2d 45, 51[10] (banc 1949).

Here, the principal question—whether Father owed as a part of his child support obligation some part of the children's college and medical expenses—was settled by the underlying modified decree. What was not settled by the underlying judgment was the amount of Father's obligation for college and medical expenses and what criteria were to be followed in determining his obligation therefor. *Graf v. Bacon*, 800 S.W.2d 88, 90 (Mo.App.1990), teaches that even though vagueness in an underlying dissolution or modification decree may prevent its enforcement, many such judgments have enough force to be the basis for a *new order* correcting the deficiency of the underlying modified decree. However, before a fatally vague or indefinite support order can be made enforceable, a *new order* correcting the deficiency must be fashioned. *Graf*, 800 S.W.2d at 90. Once a *new order* establishes criteria, the trial court can then resort to extrinsic evidence to determine the obligation of the parties. *Id.* *See also Echele v. Echele*, 782 S.W.2d

imperfect does not prejudice the appellant's position on appeal. *Stevenson v. Stevenson*, 618 S.W.2d 715, 717[1] (Mo.App.1981).

**2.** "A final judgment in a garnishment action includes an order sustaining a motion to quash

the garnishment. An order denying a motion to quash a garnishment is not a final judgment." *Helton Construction*, 838 S.W.2d at 91–92 (citation omitted).

430, 436 (Mo.App.1989). A new order or judgment thus fashioned, if correctly done, clearly aids in the enforcement of the underlying judgment by removing the fatal indefiniteness. It is the *new order* by the trial court—that which purportedly corrects the deficiency of the underlying judgment—from which Father appeals.

Based upon the above, we view Father's alternative motion for determination of the amount due as a request for a "special order" within the meaning of § 512.020 and we view the trial court's judgment determining the amount due as an order in a special proceeding " 'attacking or aiding the enforcement of the judgment after it has become final in the action in which it was rendered.' " *Helton Construction,* 838 S.W.2d at 91 (quoting *Wehrs,* 187 S.W. at 826–27[2] ). We hold, therefore, that it is a "special order" appealable under § 512.020. We reject prong "A" of Wife's motion to dismiss appeal.

■ To support prong "B" of her motion to dismiss, Mother argues as follows:

[I]n his Motion ... [Father] asked the Court to quash the garnishment and to determine the rightful sum owed.... The Court sustained the Motion to Quash and also *determined the rightful sum owed....* Therefore, [Father] is now attempting to allege error for the Court doing as he requested. It is ... submitted ... that [Father] is not a party "aggrieved" in that he got all he asked for and according to case law has no right to appeal. (Emphasis ours.)

To quote such argument is to reject it. The premise of Mother's claim, namely, that Father got the determination he asked for, is wholly false. Like arguments have been rejected in personal injury cases where claimants who were awarded damages were nevertheless found to be aggrieved parties and entitled to an appeal. *See Bilzing v. Wentzel,* 726 S.W.2d 787, 788 (Mo.App.1987); *Boland v. Dehn,* 348 S.W.2d 603, 604[2, 3] (Mo.App.1961). The reason is that a party who recovers a judgment for only a small fraction of the amount for which he has sued is obviously an aggrieved party within the meaning of § 512.020. *Boland,* 348 S.W.2d at 604[3]. By analogy, a person who asks a court to determine what he owes under a vague dissolution or modification decree and then is ordered to pay substantially more than he claims to owe is obviously an aggrieved party within the meaning of the statute and may appeal from such judgment. § 512.020.

Cases cited by Mother do not support her argument.[3] Her motion to dismiss Father's appeal is denied.

## DISCUSSION AND DECISION

### College Expense Provision

■ Father presents two points on appeal. Mainly he contends that the underlying order directing that he pay college expenses and medical expenses was too vague, indefinite, and uncertain to be enforceable; hence, the trial court erred entering a judgment against him for those sums. We agree.

There are numerous Missouri appellate opinions in which the courts refused to enforce, for reasons of vagueness, educational expense provisions and medical expense provisions whose specificity equals

**3.** Mother cites *Manchester Enterprises, Inc. v. Sharma,* 805 S.W.2d 186 (Mo.App.1991). There, Sharma had asked a circuit judge to reconsider his earlier order dated January 23, 1990, dismissing his application for a trial de novo. On March 21 the circuit judge set aside his January 23 order. The Western District dismissed Sharma's appeal from the March 21 order, holding that he was not aggrieved by the March 21 order because he was granted all the relief he sought. Also cited by Mother is *Eakright v. Eakright,* 689 S.W.2d 799 (Mo.App.1985), wherein a father was granted custody as requested. He appealed claiming error by the trial court because he was not awarded child support. Because he had not sought child support by his motion to modify, his appeal was dismissed; he was not an aggrieved party since the trial court granted him all the relief sought. Finally, Mother relies on *Ford v. Missouri Div. of Employment Sec.,* 670 S.W.2d 203 (Mo.App.1984). There Ford's appeal was dismissed. Because he admitted he received all benefits to which he was entitled, he was not a party "aggrieved by a judgment." We fully ascribe to the principles enunciated in those cases; however, they are obviously factual dissimilar to this case and are not authority for Mother's argument.

or surpasses that of the ones now under consideration. *LaFevers v. LaFevers*, 810 S.W.2d 369 (Mo.App.1991). *See, e.g., Glassberg v. Obando*, 791 S.W.2d 486, 490 (Mo.App.1990); *Hahn v. Hahn*, 785 S.W.2d 756, 758–59 (Mo.App.1990); *Echele*, 782 S.W.2d at 436; *Newport v. Newport*, 759 S.W.2d 630, 637 (Mo.App.1988). We agree with the trial court's determination that the "college education" language of this decree was fatally vague.

We disagree with the trial court's conclusion that it had evidence before it from which it could determine the actual amounts due. Uncertainty exists in this decree not merely as to the amount due, but also as to the *nature of the obligation* imposed. Uncertainty as to the *nature of the obligation* was not removed by determining how much Mother expended for college expenses and then decreeing that to be the "actual amounts owed" by Father. In so doing, the trial court misapplied the law.

Existing law on vagueness in dissolution decrees has been summarized by the Western District thusly:

It is now well settled in Missouri … that child support and maintenance provisions of a dissolution decree in order to be enforceable do not need to be so definite in amount that a ministerial officer could determine the amount owing without resort to extrinsic evidence, *so long as the provision contains criteria from which the court upon a hearing could determine the obligation of the parties.* The absence of such criteria, however, although it may render the faulty provision unenforceable, does not render it a nullity.... The vague provision has enough force that it may be the basis for a new order correcting the deficiency of the original upon motion to modify. *Glassberg*, 791 S.W.2d at 488–90; *Toomey* [*v. Toomey* ] 636 S.W.2d [313] at 316 [Mo.1982].

*Graf*, 800 S.W.2d at 90 (citations omitted; emphasis ours).

Based upon *Graf* we believe the vague college expense provision here has enough force to form the basis for a new order

correcting the deficiency upon a motion to modify. Correction can be accomplished by fashioning an order along the lines suggested by Judge Simeone in *Echele*, 782 S.W.2d at 437. However, that step did not occur here. The trial court erred in attempting to determine Father's obligation before correction of the decree, a correction in the form of establishing criteria for determining college education costs. Only after the decree contains the limiting criteria can the trial court properly determine if Mother's expenditures came within the criteria.

*Medical Expense Provision*

Without expressly determining if the medical expense provision in the decree was too vague to be enforced, the trial court found Father's medical expense obligation to be $516.88. Implicit in that finding is its determination that the "all medical expense provision" was neither ambiguous nor uncertain.

▉ We disagree. We continue in our belief that the unknown variable factors relating to "all medical expense" provisions in dissolution decrees are incapable of being identified with any degree of certainty. *See Newport*, 759 S.W.2d at 637. An order containing "all medical expense" language provides no limiting criteria whatsoever. For example, does "all medical costs" include expenses for treatment of children by chiropractors, psychiatrists, psychologists, physical therapists, occupational therapists, speech therapists, parenteral therapists, oral and maxillofacial surgeons, acupuncturists, podiatrists, optometrists, opticians, medical social workers, or mid-wives? Does it encompass costs incurred for treatment of children by mental health organizations, chemical dependency centers, suppliers of home health care, or hospice care providers? Does it include costs for medical equipment and supplies required for children? Does it include routine physical examinations or checkups, charges for medical care or treatment that is not necessary for the care and treatment of an illness or injury, eyeglasses, hearing aids, or cosmetic surgery regardless of the reason? Does it include expenses for travel and

lodging incurred in connection with the children's medical care?

Our conviction that different public perceptions do exist as to the meaning of the term "medical expenses" stems in part from the ongoing flow of litigation in which the scope of coverage of hospital-medical indemnity contracts is frequently the issue.

Believing that the reasoning of *Newport* is sound and should be followed, we hold that an order requiring payment for "all medical care" is open-ended.[4] In that sense it is too vague and indefinite to be enforced. *Echele,* 782 S.W.2d at 437.

Having found that the medical expense provision here was too vague and indefinite to be enforceable, all that we said herein about the "college expense" provision applies equally to the medical expense provisions. In attempting to determine the "actual amounts owed" by Father without the benefit of a new support order correcting the recognized deficiencies of the original order, the trial court misapplied the law.

We reverse and remand the portion of the judgment that determines and awards college and medical expenses. In all other respects, we affirm the judgment.

PARRISH, C.J., and CROW, P.J., concur.

Jon A. Kaltenbronn, Lake Ozark, for appellant.

W. Gary Drover, Camdenton, for respondent.

---

**4.** In so holding we are mindful of a contrary result reached in the Eastern District. *See Witzke v. Witzke,* 662 S.W.2d 873, 874 (Mo.App. 1983). However, given the current widely recognized unpredictability about future health care costs and availability, we believe that limiting criteria language is as necessary, if not more so, for medical expense provisions as for college expense provisions.