Michael W. STELZER, Respondent,

v.

Deborah A. STELZER, Appellant.

No. 64033.

Missouri Court of Appeals, Eastern District, Division One.

March 8, 1994.

Deborah J. Tomich, St. Charles, for appellant.

W. Morris Taylor, William K. Meehan, Clayton, for respondent.

CRIST, Judge.

Mother appeals the trial court's order quashing her writ of execution and garnishment. We affirm.

Mother and Father were divorced on December 20, 1991. The decree incorporated the separation agreement of Mother and Father. That agreement provided Mother with custody of the two minor children born of the marriage. It also provided Father would pay child support, including payment of "all tuition for the minor children until graduation of high school."

On March 10, 1993, Mother filed a request for garnishment and execution against Father. Mother alleged Father owed $4,750 for "high school & child support." A writ of execution and/or garnishment issued to Trans World Airlines as garnishee.

Father filed a motion to quash the writ of execution and/or garnishment on March 29, 1993. He asserted the provision regarding his obligation to pay tuition expenses was so vague and indefinite as to be unenforceable by way of execution. After oral argument, the court granted Father's motion to quash the writ of execution and/or garnishment. In doing so, the court found:

> The Court has reviewed the authority cited by both parties and has determined that the Decree of Dissolution which was entered on December 20, 1991, with respect to the provisions relative to tuition for the parties' minor children is so vague and ambiguous so as to be unenforceable and therefore cannot serve as the basis for the issuance of a Writ of Execution.

The court further found the terms were so vague it did not need to conduct a subsequent hearing to determine the amount of the garnishment.

In her sole point on appeal, Mother appears to concede the term regarding educational expenses was so vague and ambiguous as to be unenforceable in a garnishment. However, she apparently contends the court erred in failing to grant a subsequent hearing to develop a proper decree with sufficient definiteness.

As a general rule, a judgment must be definite and certain to be enforceable in a garnishment proceeding. *Glassberg v. Obando,* 791 S.W.2d 486, 488[4] (Mo.App.1990). Further, "a judgment or decree for child support must be sufficiently certain in its terms to be capable of enforcement by execution in the manner provided by law, and the decree must be in such form that the clerk may issue an execution upon which an officer is able to execute without requiring external proof and another hearing." *Newport v. Newport,* 759 S.W.2d 630, 637[10] (Mo.App. 1988).

In support of her argument, Mother relies upon the multitude of cases dealing with vague provisions in divorce decrees. *See, e.g., Gable v. Gable,* 816 S.W.2d 287 (Mo.App. 1991); *Glassberg,* 791 S.W.2d at 486; *Hahn v. Hahn,* 785 S.W.2d 756 (Mo.App.1990); and *Echele v. Echele,* 782 S.W.2d 430 (Mo.App. 1989). In each of those cases, an appellate court found provisions similar to the one in

Mother and Father's decree to be so indefinite as to be unenforceable by execution. However, the appellate court remanded to the trial court for it to develop a more definite provision. *Gable*, 816 S.W.2d at 290[2]; *Glassberg*, 791 S.W.2d at 490[6]; *Hahn*, 785 S.W.2d at 759[4]; and *Echele*, 782 S.W.2d at 437[2]. Mother contends these cases require the court which quashed her writ of execution to also conduct a hearing to redevelop the education provision of the divorce decree. We disagree.

Each of the above cases was either a direct appeal from the divorce or an appeal from a subsequent motion to modify. In those cases, it is logical an appellate court would remand the case to the court which heard the domestic dispute so that it could redraft its own decree. None of the cases involved an appellate court ordering an execution court to refashion a judgment in which it played no part. Such an order would be unprecedented. The duties of a court enforcing a writ of execution end upon quashal of the execution and do not extend to reformulating the underlying judgment of said execution. *Flynn v. Janssen*, 284 S.W.2d 421,

422[4] (Mo.1955); *Cf. LaFevers v. LaFevers*, 810 S.W.2d 369, 370 (Mo.App.1991) (appellate court refused to remand to trial court on motion for contempt to redraft provision regarding educational expenses). Mother requests the incorrect remedy for her problem. Her remedy lies not in the law, but in a motion in equity. *See, In re Marriage of Hatch*, 851 S.W.2d 103, 108[3] (Mo.App.1993) (where uncertainty exists as to the nature of the obligation to pay college expenses, correction upon motion to modify must precede enforcement); *Graf v. Bacon*, 800 S.W.2d 88, 90[4] (Mo.App.1990) (deficiency of the original order may be corrected upon motion to modify). Point denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.